

FILED

NOV 2 8 2022

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| CHRISTIAAN THEUNIS GERTSE BREEDT,  JRB, A MINOR CHILD; | 1:22-CV-01019-CBK |
| Plaintiffs, | |
| vs. | MEMORANDUM OPINION |
| | AND ORDER |
| AMY JO BREEDT, THOMAS SANNES, PAMELA JEAN SCHULTE, | |
| Defendants. | |

Plaintiff Christiaan Theunis Gertse Breedt filed a *pro se* complaint on his behalf and, ostensibly, on behalf of his minor child.  Plaintiff has failed to allege compliance with Fed. R. Civ. P. 17(c)(1).  As such he has no authority to assert claims on behalf of JRB and JRB is not a proper party to this action.

Plaintiff contends that this Court has federal question subject matter jurisdiction, citing 42 U.S.C. Chapter 21 [42 U.S.C. §§ 2000a, *et seq.*, prohibition of exclusion from participation in federal benefits or exclusion of or participation in a program receiving federal financial assistance on the basis of discrimination], the Civil Rights Act of 1964 [failing to refer to which of the eleven Titles is applicable to this case] , several federal criminal statutes, 42 U.S.C. § 1983, and Article 13 of the International Bill of Rights. Plaintiff contends that defendants are engaged in a "pay to play extortion scheme" interfering with his ability to travel with his minor child to South Africa.

Plaintiff has filed a request for a temporary restraining order preventing "civil rights violations and extortion of rights."  Although not stated in his motion, plaintiff states in an attachment to his complaint that there is a state court hearing on November 29, 2022, wherein defendants seek to deny plaintiff and his minor child "rights to travel,

religion, freedom of choice, freedom and privacy of intimate relationships, right of privacy in worship . . ."

I take judicial notice of the files of the South Dakota Circuit Courts available on the ecourts.sd.gov web site. The only case currently pending involving plaintiff Christiaan Breedt is the divorce action filed by Amy Jo Breedt in the South Dakota Circuit Court, Third Judicial Circuit, Codington County, 14DIV20-000059. The divorce was final in that case on August 31, 2021. The parties have continued to litigate issues concerning Christiaan Breedt's visitation with the parties' minor child. On October 5, 2022, Christiaan Breedt filed, through counsel of record, a motion to take his minor child to South Africa for visitation. An amended notice of hearing was filed by counsel for Christiaan Breedt on October 18, 2022, noticing the hearing for November 29, 2022. The proposed visitation takes place in March of 2023.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987). As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise such issue *sua sponte*. Auto-Owners Inc. Co. v. Tribal Court of Spirit Lake Indian Reservation, 495 F.3d 1017, 1020 (8th Cir. 2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). "Section 1983 secures most constitutional rights from infringement by governments, not private

2

parties." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). Plaintiff has failed to allege that any defendant is a person acting under color of state law. It appears from the complaint and the attachment that the complained-of alleged acts of the defendants were purely private actions.

Plaintiff's citation to 42 U.S.C. Chapter 21 and the Civil Rights Act of 1964 similarly fail to satisfy the jurisdictional requirement. Plaintiff has not alleged that he was discriminated in or excluded from participation in a program receiving federal funds. Nor has he alleged any acts of the defendants prohibited by the Civil Rights Act of 1964.

Plaintiff has no private cause of action for alleged criminal violations of 18 U.S.C. § 876 (mailing threatening communications), 18 U.S.C. § 878 (threats and extortion against foreign officials, *et al.*), 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law), or 18 U.S.C. § 245 (federally protected activities).

Article 13 of the Universal Declaration of Human Rights guarantees freedom of movement within the borders of each state and the right to leave any country and to return to one's country. The Declaration "did not itself create obligations enforceable in the federal courts." Sosa v. Alvarez-Machain, 542 U.S. 692, 735, 124 S. Ct. 2739, 2767, 159 L. Ed. 2d 718 (2004).

This matter is subject to *sua sponte* dismissal for lack of federal subject matter jurisdiction.

Even if this court otherwise possessed subject matter jurisdiction over plaintiff's claims, the "domestic relations exception first articulated in Barber v. Barber, 62 U.S. (1 How.) 582, 584, 16 L.Ed. 226 (1859), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody" or where the claims "are so inextricably intertwined with" matters incident to the divorce proceeding. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994). Plaintiff's claims arise out of his claim that defendants are interfering with his rights to visitation, including visitation out of the country. Such matters are inextricably intertwined with matters of

3

child custody and visitation incident to the divorce proceeding.  The domestic relations exception divests this Court of jurisdiction over such matters.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, for a temporary restraining order is denied.

2. This matter is dismissed with prejudice.

DATED this 28th day of November, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge